UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHLEEN M. MAIER,<br><br>                              Plaintiff,<br><br>                    v.<br><br>CITY OF NEW YORK,<br>MARIQUE MONZERT,<br>ROBERT SOWINSKI,<br><br>                              Defendants. | ECF CASE<br><br>Case No.  16-CV-3405<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW THE PLAINTIFF, Kathleen M. Maier, by her attorney, Steven M. Warshawsky, for her complaint against the defendants, City of New York, Marique Monzert, and Robert Sowinski, and alleging upon personal knowledge and information and belief as follows:

### NATURE OF THE CASE

1. This is a civil rights action under 42 U.S.C. § 1983 and New York state law arising from plaintiff's arrest on September 2, 2015, by officers of the New York City Police Department (the "incident"). The defendants arrested the plaintiff without probable cause, arguable probable cause, or other legal justification. The plaintiff is entitled to compensatory damages for the harms she has suffered as a result of the defendants' unlawful conduct, punitive damages to punish and deter the defendants from engaging in similar unlawful conduct in the future, attorney's fees and costs, and all available legal and equitable relief. The plaintiff demands trial by jury.

1

## PARTIES

2. Plaintiff **Kathleen M. Maier** is an adult citizen of New York State and resides in Queens, New York

3. Defendant **City of New York** is a municipality of the State of New York. The NYC Corporation Counsel is Zachary Carter. The main office of the Corporation Counsel is located at 100 Church Street, New York, New York, 10007. The New York City Police Department is an agency or instrumentality of the City of New York. The City of New York is being sued under New York state law, pursuant to the doctrine of respondeat superior.

4. Defendant **Marique Monzert** (Shield No. 5772) is an employee of the New York City Police Department. Her place of business is the NYPD 105th Precinct located at 92-08 222nd Street, Queens Village, New York, 11428; (718) 776-9090. Her title is Detective Specialist. Det. Monzert personally participated in the unlawful conduct alleged herein. At all relevant times, Det. Monzert was acting under color of state law and in the scope of her employment with the NYPD. Det. Monzert is being sued in her individual capacity under 42 U.S.C. § 1983 and New York state law.

5. Defendant **Robert Sowinski** (Shield No. unknown) was an employee of the New York City Police Department. His place of business was the NYPD 105th Precinct located at 92-08 222nd Street, Queens Village, New York, 11428; (718) 776-9090. Upon information and belief, his title was Detective 3rd Grade. Upon information and belief, Det. Sowinski is retired from the NYPD. Det. Sowinski personally participated in the unlawful conduct alleged herein. At all relevant times, Det. Sowinski was acting under color of state law and in the scope of his employment with the NYPD. Det. Sowinski is being sued in his individual capacity under 42 U.S.C. § 1983 and New York state law.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and civil rights laws of the United States.

9. This Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the plaintiff's federal and state law claims derive from a common nucleus of operative facts and form part of the same case or controversy under Article III of the U.S. Constitution.

10. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

11. There are no administrative exhaustion requirements for bringing the present civil rights claim under 42 U.S.C. § 1983.

12. The plaintiff served a valid notice of claim on the New York City Comptroller's Office on November 25, 2015, within 90 days of the incident. A 50-h hearing was conducted by the City on February 9, 2016. To date, the City has neglected or refused to settle this matter administratively. This civil action is being filed within one year and 90 days of the incident.

## FACTUAL ALLEGATIONS

13. The events in this case took place on Wednesday, September 2, 2015, at approximately 11:00 a.m. Ms. Maier was at her home, located on Braddock Avenue in Queens, New York, where she lives with her daughter, Laura [last name redacted].

14.     As Ms. Maier was leaving her home to go to the laundromat, she was approached by four uniformed police officers, three males and one female. The officers had exited an unmarked dark blue police van, which was parked on the street. Upon information and belief, one of these officers was Det. Monzert.

15.     Ms. Maier was standing in the doorway of the house when she was approached by the officers.

16.     The officers did not explain why they were there. They asked Ms. Maier, What is your name? Ms. Maier told them her name, and then the officers told her, You're under arrest.

17.     The officers did not have an arrest warrant for Ms. Maier.

18.     Ms. Maier's handbag was searched, she was handcuffed behind her back, and she was placed into the police van. At some point, the officers commented that the Mayor's Office had issued a directive for officers from each precinct to check on domestic violence victims and that they were following-up on an order of protection that had been issued previously against Ms. Maier.

19.     The arresting officer was Det. Monzert. The arrest report states that Ms. Maier was arrested "for violating court order #2013-013777" and references an earlier police report "61# 2014-105-3558."

19.     Upon information and belief, an order of protection (OOP) was issued against Ms. Maier by the Queens Criminal Court (Order No. 2013-013777) in or about May 2013, which expired on May 20, 2015. The OOP arose from a non-violent argument between Ms. Maier and her daughter Laura. The OOP ordered Ms. Maier to "Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats or any

4

criminal offense against LAURA [last name and birth date redacted]." Significantly, the OOP did not prohibit Ms. Maier from all communication with Laura.

20. Upon information and belief, on or about May 15, 2014, Laura reported to the police that Ms. Maier had telephoned her in violation of the OOP (Complaint No. 2014-105-3558). On May 22, 2014, "after numerous attempts," Det. Sowinski interviewed Laura, who "stated that her mother whom she has an active order of protection against did attempt to contact her via telephone numerous times." There were no other allegations against Ms. Maier. Based on this bare allegation, Det. Sowinski completed an "I-Card" for Ms. Maier stating that she was wanted as a "Perpetrator – Probable Cause To Arrest" and charging her with criminal contempt in the second degree (P.L. 215.50) for allegedly violating the order of protection.

21. There was no without probable cause, arguable probable cause, or other legal justification for Det. Sowinski to charge Ms. Maier with violating the order of protection. Upon information and belief, Det. Sowinski accepted at face value Laura's allegation that Ms. Maier's telephone calls violated the order of protection, without reviewing the order itself. If he had reviewed the actual order, as a reasonable police officer should have done, Det. Sowinski would have known that the order did not prohibit Ms. Maier from all communication with Laura. Furthermore, Laura's allegation that Ms. Maier had telephoned her numerous times, without more, was not enough to show that Ms. Maier was "harassing" Laura within the meaning of the criminal law. None of the other prohibitions in the order conceivably applied to Laura's complaint. In sum, based on the facts that were and should have been known to Det. Sowinski, there was no basis for charging Ms. Maier with violating the order of protection. Det. Sowinski's actions caused Ms. Maier's subsequent arrest in this case.

22. Upon information and belief, Det. Monzert did not review the order of protection or Det. Sowinski's police report – from 16 months earlier – to confirm that there was probable cause to arrest Ms. Maier on September 2, 2015. If she had done so, as a reasonable police officer should have done, Det. Monzert would have known that Ms. Maier had not violated the order of protection.

22. After being placed in the police van, Ms. Maier was taken to the 105th Precinct. Upon arriving at the precinct, she was searched and placed in an empty holding cell. After an unknown amount of time, Ms. Maier was removed from the cell, handcuffed, and taken to Central Booking.

23. At Central Booking, a DNA swab was taken from Ms. Maier. She was placed in a small, crowded holding cell. Ms. Maier spent several hours in the cell at Central Booking. During this time, she was not offered anything to eat or drink. She did not see a lawyer. Around midnight, the detainees in Ms. Maier's cell were told that court was closed for the night. They were taken to a larger cell and instructed to grab a mat, put it on the floor, and go to sleep until the morning.

24. Around 1:00 a.m., on September 3, 2015, a guard removed Ms. Maier from the cell and brought her to the back of a courtroom. There, another guard told her that she would not be seeing a judge and that the District Attorney's Office had decided not to press charges. The guard handed Ms. Maier a letter from ADA Marcia Long stating that her arrest "was dismissed by this office prior to Criminal Court arraignment." The guard then directed Ms. Maier to exit through a blue door, which led outside the courthouse. Ms. Maier was forced to make her way home late at night on public transportation. She arrived at her house around 2:00 a.m. or 3:00 a.m. Her total time in police custody was approximately 14-15 hours.

25. The handcuffing and being confined in cells aggravated Ms. Maier's preexisting physical injuries to her right wrist and lower back. Ms. Maier sought and received medical treatment for these injuries shortly after the incident. The incident also caused Ms. Maier to experience psychological distress, for which she has been treated by a psychiatrist.

## CLAIMS AGAINST CITY OF NEW YORK

26. The City of New York is vicariously liable under New York state law, pursuant to the doctrine of respondent superior, for the defendant police officers' violations of the plaintiff's state law rights, as alleged herein.

27. No claim is made against the City of New York in its municipal capacity under 42 U.S.C. § 1983, pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny.

## CLAIMS AGAINST DET. MONZERT

28. Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, defendant Marique Monzert is liable to the plaintiff under federal and state law, as follows:

29. Count One: unlawful seizure in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, for arresting Ms. Maier at her home without an arrest warrant.

30. Count Two: unlawful seizure in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, for arresting Ms. Maier without probable cause.

31. Count Three: false arrest in violation of New York state law, for arresting Ms. Maier without probable cause. The City of New York is vicariously liable for this violation.

32. Det. Monzert is not entitled to qualified immunity for any of these violations. In each instance, the plaintiff's federal and state law rights were clearly established and were known or should have been known to Det. Monzert. In each instance, it was not reasonable for Det. Monzert to believe her actions did not violate the plaintiff's federal and state law rights.

33. In each instance, Det. Monzert acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal and state law rights.

34. As a result of Det. Monzert's unlawful conduct, Ms. Maier suffered loss of liberty, physical pain and suffering (from being handcuffed and confined in jail cells), psychological pain and suffering, and other pecuniary and non-pecuniary injuries, for which she is entitled to an award of compensatory damages.

35. Ms. Maier is entitled to an award of punitive damages to punish Det. Monzert for her unlawful conduct and to deter her from engaging in similar unlawful conduct in the future.

## CLAIMS AGAINST DET. SOWINSKI

36. Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, defendant Robert Sowinski is liable to the plaintiff under federal and state law, as follows:

37. Count Four: unlawful seizure in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, for charging Ms. Maier with violating the

8

order of protection and completing an "I-Card" for her, which ultimately resulted in her being arrested on September 2, 2015.

38. Count Five: false arrest in violation of New York state law, for charging Ms. Maier with violating the order of protection and completing an "I-Card" for her, which ultimately resulted in her being arrested on September 2, 2015.

39. Det. Sowinski is not entitled to qualified immunity for any of these violations. In each instance, the plaintiff's federal and state law rights were clearly established and were known or should have been known to Det. Sowinski. In each instance, it was not reasonable for Det. Sowinski to believe his actions did not violate the plaintiff's federal and state law rights.

40. In each instance, Det. Sowinski acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal and state law rights.

41. As a result of Det. Sowinski's unlawful conduct, Ms. Maier suffered loss of liberty, physical pain and suffering (from being handcuffed and confined in jail cells), psychological pain and suffering, and other pecuniary and non-pecuniary injuries, for which she is entitled to an award of compensatory damages.

42. Ms. Maier is entitled to an award of punitive damages to punish Det. Sowinski for his unlawful conduct and to deter him from engaging in similar unlawful conduct in the future

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, plaintiff Kathleen M. Maier hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

**PRAYER FOR RELIEF**

WHEREFORE the Plaintiff demands judgment against the Defendants for:

A. A judgment declaring that the defendant police officers are liable for violating the plaintiff's federal and state law rights, as alleged herein;

B. A judgment declaring that the City of New York is vicariously liable for the police officers' violations of the plaintiff's state law rights, as alleged herein;

C. An award of compensatory damages in an amount no less than $150,000 (against all defendants);

D. An award of punitive damages in an amount no less than $150,000 (against the defendant police officers);

E. An order imposing appropriate equitable remedies on the defendants;

F. Pre-judgment and post-judgment interest as allowed by law;

G. Attorney's fees, costs, and disbursements as allowed by law; and

H. All other relief that the plaintiff may be entitled to under law, or as justice may require.

Dated: June 22, 2016
New York, NY

Respectfully submitted,

*Steven M. Warshawsky*

By: _____
STEVEN M. WARSHAWSKY (SW 5431)
Empire State Building
350 Fifth Avenue, 59th Floor
New York, NY 10118
Tel: (212) 601-1980
Fax: (212) 601-2610
Email: smw@warshawskylawfirm.com
Website: www.warshawskylawfirm.com