UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHLEEN M. MAIER,<br><br>                              Plaintiff,<br><br>                v.<br><br>CITY OF NEW YORK,<br>DET. MARIQUE MONZERT,<br>SGT. SOPHIA CLARKE,<br>P.O. DEREK HARRIS,<br>P.O. JESSE MCREDMOND,<br>P.O. MARC RUDON,<br><br>                              Defendants. | ECF CASE<br><br>Case No.  16-CV-3405 (RJD) (JO)<br><br><br>**AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW THE PLAINTIFF, Kathleen M. Maier, by her attorney, Steven M. Warshawsky, for her amended complaint against the defendants, City of New York, Detective Marique Monzert, Sergeant Sophia Clarke, Police Officer Derek Harris, Police Officer Jesse McRedmond, and Police Officer Marc Rudon, and alleging upon personal knowledge and information and belief as follows:

## NATURE OF THE CASE

1. This is a civil rights action under 42 U.S.C. § 1983 and New York state law arising from plaintiff's arrest on September 2, 2015, by officers of the New York City Police Department. The defendants arrested the plaintiff inside her home without a warrant and in the absence of exigent circumstances, in clear violation of the plaintiff's federal and state law rights. The plaintiff is entitled to compensatory damages for the harms she suffered as a result of the defendants' unlawful conduct, punitive damages to punish and deter the defendants from engaging in similar unlawful conduct in the future, attorney's fees and costs, and all available legal and equitable relief. The plaintiff demands trial by jury.

1

**PARTIES**

2.      Plaintiff **Kathleen M. Maier** is an adult citizen of New York State and resides in Queens, New York.

3.      Defendant **City of New York** is a municipality of the State of New York. The NYC Corporation Counsel is Zachary Carter. The main office of the Corporation Counsel is located at 100 Church Street, New York, New York, 10007. The New York City Police Department is an agency or instrumentality of the City of New York. The City of New York is being sued under New York state law, pursuant to the doctrine of respondeat superior.

4.      Defendant **Det. Marique Monzert** (Shield No. 5772) is an employee of the New York City Police Department. Her place of business is the NYPD 105th Precinct located at 92-08 222nd Street, Queens Village, New York, 11428. Her title is Detective Specialist. Upon information and belief, Det. Monzert personally participated in and/or supervised the unlawful conduct alleged herein. At all relevant times, Det. Monzert was acting under color of state law and in the scope of her employment with the NYPD. Det. Monzert is being sued in her individual capacity under 42 U.S.C. § 1983 and New York state law.

5.      Defendant **Sgt. Sophia Clarke** (Shield No. 308) is an employee of the New York City Police Department. Her place of business is the NYPD 105th Precinct located at 92-08 222nd Street, Queens Village, New York, 11428. Her title is Sergeant. Upon information and belief, Sgt. Clarke personally participated in and/or supervised the unlawful conduct alleged herein. At all relevant times, Sgt. Clarke was acting under color of state law and in the scope of her employment with the NYPD. Sgt. Clarke is being sued in her individual capacity under 42 U.S.C. § 1983 and New York state law.

6. Defendant **P.O. Derek Harris** (Shield No. 19149) is an employee of the New York City Police Department. His place of business is the NYPD 105th Precinct located at 92-08 222nd Street, Queens Village, New York, 11428. His title is Police Officer. Upon information and belief, P.O. Harris personally participated in the unlawful conduct alleged herein. At all relevant times, P.O. Harris was acting under color of state law and in the scope of his employment with the NYPD. P.O. Harris is being sued in his individual capacity under 42 U.S.C. § 1983 and New York state law.

7. Defendant **P.O. Jesse McRedmond** (Shield No. 21581) is an employee of the New York City Police Department. His place of business is the NYPD Firearms & Tactics Section located at 3 Rodmansneck Road, Bronx, New York, 10464. His title is Police Officer. Upon information and belief, P.O. McRedmond personally participated in the unlawful conduct alleged herein. At all relevant times, P.O. McRedmond was acting under color of state law and in the scope of his employment with the NYPD. P.O. McRedmond is being sued in his individual capacity under 42 U.S.C. § 1983 and New York state law.

8. Defendant **P.O. Marc Rudon** (Shield No. 3362) is an employee of the New York City Police Department. His place of business is the NYPD 105th Precinct located at 92-08 222nd Street, Queens Village, New York, 11428. His title is Police Officer. Upon information and belief, P.O. Rudon personally participated in the unlawful conduct alleged herein. At all relevant times, P.O. Rudon was acting under color of state law and in the scope of his employment with the NYPD. P.O. Rudon is being sued in his individual capacity under 42 U.S.C. § 1983 and New York state law.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and civil rights laws of the United States.

10. This Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the plaintiff's federal and state law claims derive from a common nucleus of operative facts and form part of the same case or controversy under Article III of the U.S. Constitution.

11. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

12. There are no administrative exhaustion requirements for bringing the present civil rights claim under 42 U.S.C. § 1983.

13. The plaintiff served a valid notice of claim on the New York City Comptroller's Office on November 25, 2015, within 90 days of the incident. A 50-h hearing was conducted by the City on February 9, 2016. To date, the City has neglected or refused to settle this matter administratively. This civil action was filed within one year and 90 days of the incident.

## FACTUAL ALLEGATIONS

14. The events in this case took place on Wednesday, September 2, 2015, at approximately 11:00 a.m. Ms. Maier was at her home, located 242-13 Braddock Avenue in Queens, New York, where she lived with her daughter Laura [last name redacted].

14. As Ms. Maier was leaving her home to go to the laundromat, she was approached by four uniformed police officers, three males and one female. The officers had exited an unmarked dark blue police van, which was parked on the street.

15. Upon information and belief, these officers were defendants P.O. Harris, P.O. McRedmond, P.O. Rudon, and either Det. Monzert or Sgt. Clarke. Upon information and belief, either Det. Monzert or Sgt. Clarke remained inside the police van.

16. Ms. Maier was standing in the doorway of the house when she was approached by the officers.

17. The officers did not explain why they were there. They asked Ms. Maier, What is your name? Ms. Maier told them her name, and then the officers told her, You're under arrest.

18. The officers did not have an arrest warrant for Ms. Maier.

19. There were no exigent circumstances requiring Ms. Maier's immediate arrest.

20. Ms. Maier's handbag was searched, she was handcuffed behind her back, and she was placed into the police van. At some point, the officers commented that the Mayor's Office had issued a directive for officers from each precinct to check on domestic violence victims and that they were following-up on an order of protection that had been issued previously against Ms. Maier.

21. Upon information and belief, one or more of the defendant police officers personally arrested Ms. Maier.

22. Upon information and belief, Det. Monzert and/or Sgt. Clarke exercised supervisory authority over, had knowledge of, and directed and approved the other defendants' actions in arresting Ms. Maier.

23. Det. Monzert is listed on the NYPD arrest report as the arresting officer.

24. The NYPD arrest report states that Ms. Maier was arrested "inside of 242-13 Braddock Avenue."

25. Upon information and belief, Det. Monzert knew or should have known that Ms. Maier was arrested inside her home without a warrant and in the absence of exigent circumstances, in clear violation of federal and state law.

26. The NYPD arrest report states that Ms. Maier was arrested "for violating court order #2013-013777" and references an earlier police report "61# 2014-105-3558." This refers to an alleged violation in May 2014 of an order of protection that Laura had obtained against Ms. Maier in May 2013. The order of protection arose from a non-violent argument between Ms. Maier and Laura. In May 2014 Laura reported to the police that Ms. Maier had telephoned and emailed her multiple times in violation of the order of protection. Based on these allegations, an "I-Card" was completed for Ms. Maier stating that she was wanted as a "Perpetrator – Probable Cause To Arrest" and charging her with misdemeanor criminal contempt in the second degree (P.L. § 215.50) for allegedly violating the order of protection.

27. Upon information and belief, based on the information in the I-Card, the defendants traveled to Ms. Maier's home with the intention of arresting her, despite not having an arrest warrant. The defendants knew or should have known that it was unlawful to arrest Ms. Maier in her home without a warrant, but they disregarded clearly established federal and state law and arrested her anyway.

28. After being placed in the police van, Ms. Maier was taken to the 105th Precinct. Upon arriving at the precinct, she was searched and placed in an empty holding cell. After an unknown amount of time, Ms. Maier was removed from the cell, handcuffed, and taken to Central Booking.

6

29. At Central Booking, a DNA swab was taken from Ms. Maier. She was placed in a small, crowded holding cell. Ms. Maier spent several hours in the cell at Central Booking. During this time, she was not offered anything to eat or drink. She did not see a lawyer. Around midnight, the detainees in Ms. Maier's cell were told that court was closed for the night. They were taken to a larger cell and instructed to grab a mat, put it on the floor, and go to sleep until the morning.

30. Around 1:00 a.m., on September 3, 2015, a guard removed Ms. Maier from the cell and brought her to the back of a courtroom. There, another guard told her that she would not be seeing a judge and that the District Attorney's Office had decided not to press charges. The guard handed Ms. Maier a letter from ADA Marcia Long stating that her arrest "was dismissed by this office prior to Criminal Court arraignment." The guard then directed Ms. Maier to exit through a blue door, which led outside the courthouse. Ms. Maier was forced to make her way home late at night on public transportation. She arrived at her house around 2:00 a.m. or 3:00 a.m. Her total time in police custody was approximately 14-15 hours.

31. The handcuffing and being confined in cells aggravated Ms. Maier's preexisting physical injuries to her right wrist and lower back. Ms. Maier sought and received medical treatment for these injuries shortly after the incident. The incident also caused Ms. Maier to experience psychological distress, for which she has been treated by a psychiatrist.

## CLAIMS AGAINST CITY OF NEW YORK

32. The City of New York is vicariously liable under New York state law, pursuant to the doctrine of respondent superior, for the defendant police officers' violations of the plaintiff's state law rights, as alleged herein.

7

33. No claim is made against the City of New York in its municipal capacity under 42 U.S.C. § 1983, pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny.

## CLAIMS AGAINST DET. MONZERT

34. Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, defendant Det. Marique Monzert is liable to the plaintiff under federal and state law, as follows:

35. Count One: unlawful seizure in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, for arresting Ms. Maier in her home without an arrest warrant and in the absence of exigent circumstances.

36. Count Two: unlawful seizure in violation of New York state law, for arresting Ms. Maier in her home without an arrest warrant and in the absence of exigent circumstances. The City of New York is vicariously liable for this violation.

37. Det. Monzert is not entitled to qualified immunity for any of these violations. In each instance, the plaintiff's federal and state law rights were clearly established and were known or should have been known to Det. Monzert. In each instance, it was not reasonable for Det. Monzert to believe her actions did not violate the plaintiff's federal and state law rights.

38. In each instance, Det. Monzert acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal and state law rights.

39. As a result of Det. Monzert's unlawful conduct, Ms. Maier suffered loss of liberty, physical pain and suffering (from being handcuffed and confined in jail cells), psychological pain and suffering, and other pecuniary and non-pecuniary injuries, for which she is entitled to an award of compensatory damages.

8

40. Ms. Maier is entitled to an award of punitive damages to punish Det. Monzert for her unlawful conduct and to deter her from engaging in similar unlawful conduct in the future.

## CLAIMS AGAINST SGT. CLARKE

41. Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, defendant Sgt. Sophia Clarke is liable to the plaintiff under federal and state law, as follows:

42. Count Three: unlawful seizure in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, for arresting Ms. Maier in her home without an arrest warrant and in the absence of exigent circumstances.

43. Count Four: unlawful seizure in violation of New York state law, for arresting Ms. Maier in her home without an arrest warrant and in the absence of exigent circumstances. The City of New York is vicariously liable for this violation.

44. Sgt. Clarke is not entitled to qualified immunity for any of these violations. In each instance, the plaintiff's federal and state law rights were clearly established and were known or should have been known to Sgt. Clarke. In each instance, it was not reasonable for Sgt. Clarke to believe her actions did not violate the plaintiff's federal and state law rights.

45. In each instance, Sgt. Clarke acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal and state law rights.

46. As a result of Sgt. Clarke's unlawful conduct, Ms. Maier suffered loss of liberty, physical pain and suffering (from being handcuffed and confined in jail cells), psychological pain and suffering, and other pecuniary and non-pecuniary injuries, for which she is entitled to an award of compensatory damages.

9

47. Ms. Maier is entitled to an award of punitive damages to punish Sgt. Clarke for her unlawful conduct and to deter her from engaging in similar unlawful conduct in the future.

## CLAIMS AGAINST P.O. HARRIS

48. Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, defendant P.O. Derek Harris is liable to the plaintiff under federal and state law, as follows:

49. Count Five: unlawful seizure in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, for arresting Ms. Maier in her home without an arrest warrant and in the absence of exigent circumstances.

50. Count Six: unlawful seizure in violation of New York state law, for arresting Ms. Maier in her home without an arrest warrant and in the absence of exigent circumstances. The City of New York is vicariously liable for this violation.

51. P.O. Harris is not entitled to qualified immunity for any of these violations. In each instance, the plaintiff's federal and state law rights were clearly established and were known or should have been known to P.O. Harris. In each instance, it was not reasonable for P.O. Harris to believe his actions did not violate the plaintiff's federal and state law rights.

52. In each instance, P.O. Harris acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal and state law rights.

53. As a result of P.O. Harris unlawful conduct, Ms. Maier suffered loss of liberty, physical pain and suffering (from being handcuffed and confined in jail cells), psychological pain and suffering, and other pecuniary and non-pecuniary injuries, for which she is entitled to an award of compensatory damages.

10

54. Ms. Maier is entitled to an award of punitive damages to punish P.O. Harris for his unlawful conduct and to deter him from engaging in similar unlawful conduct in the future.

## CLAIMS AGAINST P.O. MCREDMOND

55. Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, defendant P.O. Jesse McRedmond is liable to the plaintiff under federal and state law, as follows:

56. Count Seven: unlawful seizure in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, for arresting Ms. Maier in her home without an arrest warrant and in the absence of exigent circumstances.

57. Count Eight: unlawful seizure in violation of New York state law, for arresting Ms. Maier in her home without an arrest warrant and in the absence of exigent circumstances. The City of New York is vicariously liable for this violation.

58. P.O. McRedmond is not entitled to qualified immunity for any of these violations. In each instance, the plaintiff's federal and state law rights were clearly established and were known or should have been known to P.O. McRedmond. In each instance, it was not reasonable for P.O. McRedmond to believe his actions did not violate the plaintiff's federal and state law rights.

59. In each instance, P.O. McRedmond acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal and state law rights.

60. As a result of P.O. McRedmond unlawful conduct, Ms. Maier suffered loss of liberty, physical pain and suffering (from being handcuffed and confined in jail cells), psychological pain and suffering, and other pecuniary and non-pecuniary injuries, for which she is entitled to an award of compensatory damages.

61. Ms. Maier is entitled to an award of punitive damages to punish P.O. McRedmond for his unlawful conduct and to deter him from engaging in similar unlawful conduct in the future.

## CLAIMS AGAINST P.O. RUDON

62. Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, defendant P.O. Marc Rudon is liable to the plaintiff under federal and state law, as follows:

63. Count Nine: unlawful seizure in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, for arresting Ms. Maier in her home without an arrest warrant and in the absence of exigent circumstances.

64. Count Ten: unlawful seizure in violation of New York state law, for arresting Ms. Maier in her home without an arrest warrant and in the absence of exigent circumstances. The City of New York is vicariously liable for this violation.

65. P.O. Rudon is not entitled to qualified immunity for any of these violations. In each instance, the plaintiff's federal and state law rights were clearly established and were known or should have been known to P.O. Rudon. In each instance, it was not reasonable for P.O. Rudon to believe his actions did not violate the plaintiff's federal and state law rights.

66. In each instance, P.O. Rudon acted with intentional, knowing, callous, and/or reckless indifference to the plaintiff's federal and state law rights.

67. As a result of P.O. Rudon unlawful conduct, Ms. Maier suffered loss of liberty, physical pain and suffering (from being handcuffed and confined in jail cells), psychological pain and suffering, and other pecuniary and non-pecuniary injuries, for which she is entitled to an award of compensatory damages.

68. Ms. Maier is entitled to an award of punitive damages to punish P.O. Rudon for his unlawful conduct and to deter him from engaging in similar unlawful conduct in the future.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, plaintiff Kathleen M. Maier hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

**PRAYER FOR RELIEF**

WHEREFORE the Plaintiff demands judgment against the Defendants for:

A. A judgment declaring that the defendant police officers are liable for violating the plaintiff's federal and state law rights, as alleged herein;

B. A judgment declaring that the City of New York is vicariously liable for the police officers' violations of the plaintiff's state law rights, as alleged herein;

C. An award of compensatory damages in an amount no less than $150,000 (against all defendants);

D. An award of punitive damages in an amount no less than $150,000 (against the defendant police officers);

E. An order imposing appropriate equitable remedies on the defendants;

F. Pre-judgment and post-judgment interest as allowed by law;

G. Attorney's fees, costs, and disbursements as allowed by law; and

H. All other relief that the plaintiff may be entitled to under law, or as justice may require.


Dated: October 11, 2016
New York, NY

Respectfully submitted,

*Steven M. Warshawsky*

By: _____
STEVEN M. WARSHAWSKY (SW 5431)
Empire State Building
350 Fifth Avenue, 59th Floor
New York, NY 10118
Tel: (212) 601-1980
Fax: (212) 601-2610
Email: smw@warshawskylawfirm.com
Website: www.warshawskylawfirm.com